Arthur S. Robinson
ROBINSON & ASSOCIATES
35401 Kenai Spur Highway
Soldotna, AK 99669
Telephone: (907) 262-9164
Facsimile: (907) 262-7034
Email: Chuck@robinsonandassociates.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
Civil Action, File No. 3:06-cv-00121-JWS

| | |
|---|---|
| RONALD L. and DEBBIE L. HALSEY ) | |
| ) | |
| Petitioners, ) | |
| ) | GOOD CAUSE WHY PETITIONERS |
| v. ) | SHOULD NOT FILE COMPLAINT |
| ) | |
| ADMINISTRATOR, ) | |
| WAGE AND HOUR DIVISION, UNITED ) | |
| STATES DEPARTMENT OF LABOR, ) | |
| ) | |
| Respondent. ) | |

Pursuant to Order from Chambers, dated June 14, 2006, the court stated in section A of the order that petitioners Ronald and Debbi Halsey either (1) file a complaint which complies with Rule 8(a) of the Fed. R. Civ. P., or (2) file a document with the court which shows good cause how this court can proceed without a complaint. In subsection B of the order, the court directed that any notice filed pursuant to section A (2) of the order must include a statement showing that the court has subject matter jurisdiction and must cite statutory or other authority which would render Fed. R. Civ. P. 3 inapplicable to the commencement of this matter.

This document is filed pursuant to sections A (2) and B of the Order from Chambers to show good cause how the court can

proceed without a complaint and has subject matter jurisdiction over this matter.

I.   District Court's Subject Matter Jurisdiction

This matter commenced as a civil penalty money assessment by the United States Department of Labor against Ronald and Debbie Halsey (hereinafter the Halseys) pursuant to an Order of Reference from the office of the Administrative Law Judges, United States Department of labor, attached hereto as Exhibit 1. The order refers to notice dated October 2, 2002 and issued pursuant to 29 U.S.C. § 216(e) of the Fair Labor Standards Act (FLSA) and in accordance with 29 C.F.R. Part 579, where a civil money penalty in the amount of $11,700 was assessed against the Halseys, doing business under their own names as commercial fishermen, as result of employment of a minor in violation of the child labor provisions of 29 U.S.C. § 212 and regulations issued thereunder.

The matter was submitted to the Department of Labor for a final determination for which the penalty was imposed as provided by 29 C.F.R. Part 580, and the appropriateness and reasonableness of the penalty, provided by 29 C.F.R. Part 579. The matter was referred to the Chief Administrative Law Judge of the department for designation and hearing in accordance with 29 C.F.R. Parts 579 and 580.

§ 212(c) of the FLSA provides in relevant part:

> No employer shall employ any oppressive child labor in commerce or the production of goods

>for commerce or in any enterprise engaged in commerce or in the production of goods for commerce.

The Secretary of Labor is charged with enforcement of the child labor provisions of the FLSA. 29 U.S.C. § 212(b).

Pursuant to 28 U.S.C. § 1337(a), the district court shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce. § 212 (c) of the FLSA regarding child labor is an Act of Congress regulating commerce. The civil action or proceeding in this case arises under the FLSA regarding child labor and therefore, the district court has subject matter jurisdiction of the civil action or proceeding arising under the act in present case.

II <u>The District Court Can Proceed Without the Filing of a Complaint</u>

After a Final Decision and Order by the Department of Labor's Administrative Review Board (ARB), made pursuant to a delegation of authority by the Secretary of Labor to act for her in civil money penalty cases arising under the child labor provisions of the FLSA (see Administrative Review Board Final Decision and Order at Docket 2, Jurisdiction) finding the Halseys liable for the civil money penalty, the Halseys, pursuant to Fed. Rule of Appellate Procedure 15, filed a petition for review in the Ninth Circuit Court of Appeals. (See Docket 2 Petition for Review by Halseys) With their petition for review the Halseys submitted a statement of issues for review challenging the final decision and order of the ARB.

Fed. Rule of Appellate Procedure 15, Review or Enforcement of an Agency Order, provides for review of an agency order in the court of appeals. (See Fed. R. App. P. 15(a)) The Halseys, following the provisions of this rule, timely filed their petition for review of the final decision and order of the ARB in the court of appeals.  After filing the petition for review, the court of appeals questioned the court's jurisdiction to hear the petition. (See Docket 8, Order suggesting Court of Appeals may lack jurisdiction)  The Halseys made a non-opposed motion to transfer the matter to the district court. (See Docket 6, Non-opposed motion to transfer case to USDC)  The court of appeals transferred the case to the district court. (See Docket 10, Case transferred in from 9CCA)

Title 5 U.S.C. § 702 provides for judicial review of agency action.  This statute states that a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.  Title 5 U.S.C. § 703 provides for form and venue of judicial review of agency action. This statute provides that the form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action...if no special statutory review proceeding is applicable, the action

for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer.

There is no special statutory review proceeding relevant to review of the Department of Labor ARB final decision and order. Thus, in the absence or inadequacy thereof, any applicable form of legal action is permissible. Title 28 U.S.C. § 1631, Transfer to cure want of jurisdiction, provides:

> Whenever a civil action is filed in a court as defined in section 610[1] of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such court and that court finds that there is want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other court in which the action or appeal could have been brought at the time it was filed in or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

In *Workplace Health and Safety Council v. Reich*, 56 F.3d, 1465 (D.C. Cir 1995), the court states that except where a statute provides otherwise or where agency action is committed to agency discretion by law, 5 U.S.C. § 701(a), judicial review of agency procedure is governed by the APA. Absent some express statutory directive to the contrary, persons seeking review of agency action go first to district court [under APA § 703] rather than the court of appeals. *International Brotherhood of Teamsters v. Pena*, 17 F.3d 1478, 1481 (D.C. Cir 1994)(citing 5 U.S.C. § 703). Because the court in *Workplace Heath and Safety Council*

found that proper jurisdiction of the case lies in the District Court under the APA, 5 U.S.C. § 703, in the interest of justice it transferred the case to the district court for consideration of the case on the merits.

In the present case, the parties requested that the court of appeals transfer the appeal or petition for review to the district court for consideration of the case on its merits in light of the fact the 9th Circuit Court of Appeals lacked jurisdiction over the administrative action appealed. The court of appeals transferred the case at the request of the parties. Now that the case has been transferred to the district court from the court of appeals because of lack of jurisdiction in that court, pursuant to 28 U.S.C. § 1631, the appeal shall proceed as if it had been filed in or noticed for the district court to which it is transferred on the date upon which it was actually filed or noticed for the court from which it is transferred. If the transferred appeal shall proceed as if it had been filed in the district court as a judicial review of the department's final decision and order, then there should be no need for the Halseys to file a complaint in order to proceed with the case as an appeal of the final decision and order.

The Halseys have shown good cause how the district court can proceed without a complaint. The case involves the appeal of the ARB's final decision and order. It involves questions of law

---

[1]. 28 U.S.C. 610 defines a court. It defines court to include

regarding the interpretation of the FLSA and Department of Labor regulations adopted pursuant to that statute. The case can proceed in the district court because it has subject matter jurisdiction over this commerce matter. It can proceed under the APA as judicial review without the need of the Halseys to file a complaint because it was transferred pursuant to 28 U.S.C. § 1631 and shall proceed as if it had already been filed in the district court in the first instance.

Respectfully submitted this 22nd day of June, 2006.

      ROBINSON & ASSOCIATES

  By: s/Arthur S. Robinson
     Attorney for Petitioners
     35401 Kenai Spur Highway
     Soldotna, Alaska 99669
     Tel: (907) 262-9164
     Fax: (907) 262-7034
     Email: Office@robinsonandassociates.net
     ABN 7405026

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 22nd day of June 2006, a true and correct copy of the foregoing Good Cause Why Petitioners Should Not File Complaint was served electronically on Richard L. Pomeroy, Assistant U.S. Attorney, District of Alaska, counsel for Respondent.
By:ARTHUR S. ROBINSON

Courtesy copy was also provided by fax (202)-693-5689 and mail this 22nd day of June, 2006 to:
Maria VanBuren, Esq.
Solicitor's Office
Division of Fair Labor Standards
U.S. Department of Labor
Room N-2716
200 Constitution Avenue
Washington, D.C. 20210

---

the courts of appeal and district courts of the United States.