DEBORAH M. SMITH
Acting United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail:  richard.pomeroy@usdoj.gov

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Ronald Halsey and Debbie L. Halsey,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>Administrator, Wage and Hour Division,<br>United States Department of Labor,<br><br>　　　　Defendant. | Case No. 3:06-cv-00121-JWS<br><br>**RESPONSE TO PLAINTIFFS'**<br>**ARGUMENT WHY THEY SHOULD**<br>**NOT FILE A COMPLAINT** |

　　　　Pursuant to this Court's June 14, 2006 Order from Chambers ("Order"), plaintiffs filed a statement on June 22, 2006 arguing that good cause exists for them to not file a complaint in the above-referenced case.  This document, filed pursuant to section E of the Order, timely responds to that statement.

　　　　Rule 3 of the Federal Rules of Civil Procedure requires that "A civil action is commenced by filing a complaint with the court."  Fed. R. Civ. P. 3.  It is undisputed that plaintiffs have not filed

such a complaint in this case: they originally filed a Petition for Review of the Secretary's final decision in the U.S. Court of Appeals, which was transferred to this U.S. District Court. Plaintiffs do not claim, nor can they, that their Petition meets the requirements for a complaint as set forth in Fed. R. Civ. P. 8.

Plaintiffs incorrectly argue that the language of the federal statute permitting transfer of an action from a court of appeals to a district court, which states that "the appeal shall proceed as if it had been filed in or noticed for the district court to which it is transferred," permits them to dispense with the filing of a complaint. See 28 U.S.C. 1631. As the plain language of the statute makes clear, the transfer statute was enacted to permit parties to correct a lack of jurisdiction in the interest of justice, not to supplant the Federal Rules of Civil Procedure. See, e.g., Public Citizen, Inc. v. Mineta, 343 F.3d 1159, 1171 n.22 (9th Cir. 2003) (three-part test for application of the transfer statute, as described in Gioda v. Saipan Stevedoring, Inc., 855 F.2d 625, 629 (9th Cir. 1988), weighs jurisdictional considerations and the interest of justice). While an appeal may proceed "as if it had been filed in or noticed for the district court" no claim may proceed in district court without a complaint. Fed. R. Civ. P. 3. Thus, plaintiffs have not shown good cause why Fed. R. Civ. P. 3 is not applicable in this instance.

Halsey, et al. v. Administrator,
Wage and Hour Division, Dept of Labor
Case No. 3:06-cv-00121-JWS                     2

Respectfully submitted this 29th day of June, 2006, in Anchorage, Alaska.

    DEBORAH M. SMITH
    Acting United States Attorney

    s/Richard L. Pomeroy
    Assistant U.S. Attorney
    222 West 7th Ave., #9, Rm. 253
    Anchorage, AK 99513-7567
    Phone: (907) 271-5071
    Fax: (907) 271-2344
    E-mail: richard.pomeroy@usdoj.gov
    Alaska Bar No. 8906031

    HOWARD M. RADZELY
    Solicitor of Labor

    STEVEN J. MANDEL
    Associate Solicitor

    JONANTHAN M. KRONHEIM
    Counsel for Trial Litigation

    MARIA VAN BUREN
    Senior Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2006,
a copy of the foregoing RESPONSE
TO PLAINTIFFS' ARGUMENT WHY
THEY SHOULD NOT FILE A COMPLAINT
was served electronically on Arthur S. Robinson.

s/ Richard L. Pomeroy

Halsey, et al. v. Administrator,
Wage and Hour Division, Dept of Labor
Case No. 3:06-cv-00121-JWS    3